UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS D. BURNES, SR.,

    Plaintiff,

v.                                                          Case No. 18-13240

TIANNA CHATMAN, KAREN Y. BRAXTON,       HON. AVERN COHN
NICK LYON, STEVE YAGER, RICHARD
D. SNYDER, VIRGIL C. SMITH, RAEIGEN L.
EVANS WOODS, ANTHONY J. SCOTTA,
TONI DAY, SHARON WHEELER, MDHHS-CPS,
RHONDI B. KELLER, LAURA A. LAYHER,
ST. JOHN BEAUMONT HOSPITAL,

    Defendants.

_____/

# MEMORANDUM AND ORDER
# GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
# AND
# DISMISSING COMPLAINT

I.  Introduction

Plaintiff Thomas D. Burns, Sr., proceeding pro se, has filed a complaint against the following defendants: Tianna Chatman, Karen Y. Braxton, Nick Lyon, Steve Yager, Richard D. Snyder, Virgil Smith, Raeigen L. Evans Woods, Anthony J. Scotta, Toni Day, Sharon Wheeler, MDHHS-CPS, Rhondi B. Keller, Laura A. Layher, and St. John Beaumont Hospital.

Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however,

the complaint will be dismissed.

## II. Legal Standard

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## III. The Complaint

The Court has read the complaint and other papers submitted by plaintiff. As best as can be gleaned, plaintiff has defendants over the termination of his parental rights and loss of custody of his minor child which was the subject of proceedings in state

court. Plaintiff cites 42 U.S.C. § 1983 as authority to bring this lawsuit.[1] He seeks money damages, reinstatement of his parental rights, and custody of the minor child.

IV. Discussion

A. Jurisdiction

As an initial matter, federal courts lack jurisdiction to issue child custody decrees. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). An exception to federal court jurisdiction is generally recognized for cases in which the parties are seeking a declaration of their rights in the domestic relations context. McLaughlin v. Cotner, 193 F.3d 410, 413–14 (6th Cir.1999. Here, it appears that plaintiff is seeking exactly this sort of relief inasmuch as he asks the Court to reverse the state court, reinstate his parental rights, and grant him custody of the minor child.

Further, the court lacks jurisdiction over any claim by plaintiff that he suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings. The Court does not possess direct oversight powers over Michigan's courts. See In re Cook, 551 F.3d 542, 548 (6th Cir.2009). The recourse available to plaintiff in response to an adverse decision of a state court is an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, a writ of certiorari from the United States Supreme Court. The Court lacks jurisdiction to review directly the state-court custody or parental-rights decisions plaintiff is attempting to challenge through this lawsuit. See District of Columbia Circuit Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust

---

[1]Plaintiff also references the Administrative Procedure Act but has not identified a decision by an administrative agency that he asks the Court to review.

Co., 263 U.S. 413, 415–16 (1923). As such, the complaint is subject to dismissal for lack of jurisdiction.

## B. Civil Rights Claim

Even assuming that the Court could entertain plaintiff's claim, the complaint must still be dismissed. To state a federal civil rights claim under § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).

Plaintiff has not alleged a plausible claim against any of the named defendants. While plaintiff has not specifically alleged what each defendant did to violate his rights or the role they played in terminating his parental rights and custody proceedings, a fair read of the papers shows he has sued an agency of the state, a judge and other judicial officers and court personnel, attorneys, and individuals. None of them are subject to liability under § 1983.

First, the Michigan Department of Human Services is not a proper defendant. See McGhan v. Kalkaska Cnty. Dep't. of Human Servs., 2009 WL 2170151, at *11 (W.D. Mich. July 20, 2009) ("States and their departments are not 'persons' within the meaning of 42 U.S.C. § 1983." (citing Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989))). Under the Eleventh Amendment, sovereign immunity generally bars an action in federal court against a State and its departments and agencies "regardless of the type of relief sought" unless the State has waived its immunity or "unequivocally consented to be sued." Link v. Mich.,, 2012 WL 726883, at *6 (W.D. Mich. Feb. 14,

2012) (internal citations omitted). The State of Michigan has not consented to being sued in civil rights actions in the federal courts. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004).

Second, judges, state court referees, prosecutors and guardians at litem are all immune from suit under § 1983. See Pierson v. Ray, 386 U.S. 547 (1967), Stump v. Sparkman, 435 U.S. 349 (1978) (discussing judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 430 (1976), Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006) (discussing prosecutorial immunity); O'Donnell v. Brown, 335 F. Supp.2d 787, 826–27 (W.D. Mich. 2004) (finding Michigan referees act in an adjudicative capacity and are immune); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984) (discussing guardian ad litem immunity).

Further, employees of the state court they also "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (citing Pierson v. Ray, 386 U.S. 547, 553–54 (1967)).

And to the extent any of the named defendants are social workers, the Sixth Circuit has repeatedly held that social workers are absolutely immune for actions that are "intimately associated" with the judicial phase of proceedings relating to the welfare of the child. See Rippy ex rel. Rippy v. Hattaway, 270 F.3d 416, 422 (6th Cir. 2001);

Finally, attorneys are not subject to liability under § 1983 because they are not state actors. An attorney does not become a state actor by representing a client. See Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1991). "Attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section

5

1983." Hahn v. Star Bank, 190 F.3d 708, 717 (6th Cir. 1999).  Private individuals are also not state actors.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

V.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction and for failure to state a claim.  The Court also certifies that any appeal from this decision could not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: 11/19/2018
   Detroit, Michigan